UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION



FILED
SEP 14 2022
CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

UNITED STATES OF AMERICA

v.

MECCOS DONTA ALLEN

CASE NO. 8:22-cr-328-JSM-CPT
18 U.S.C. § 922(g)(1)

### INDICTMENT

The Grand Jury charges:

### COUNT ONE

On or about July 29, 2022, in the Middle District of Florida, the defendant,

MECCOS DONTA ALLEN,

knowing that he had previously been convicted in any court of a crime punishable by imprisonment for a term exceeding one year, including:

1. Felony battery, on or about March 2, 2021;

2. Delivery of cocaine within 1000 feet of a school, on or about September 26, 2013;

3. Possession of cocaine with intent to deliver within 1000 feet of a school, on or about November 27, 2006; and

4. Delivery of cocaine, on or about July 24, 2003,

did knowingly possess, in and affecting interstate commerce, a firearm and ammunition, that is, a Glock 23 Gen 4 40 caliber pistol bearing the serial number BDNP466 and 40 caliber ammunition seized on July 29, 2022. It is further alleged that the defendant has at least three previous convictions for a violent felony or a

serious drug offense, committed on occasions different from one another, pursuant to 18 U.S.C. § 924(e)(1).

In violation of 18 U.S.C. §§ 922(g)(1) and 924(e).

## FORFEITURE

1. The allegations contained in Count One are incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

2. Upon conviction of a violation of 18 U.S.C. § 922(g), the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), all firearms and ammunition involved in or used in the violation.

3. The property to be forfeited includes, but is not limited to, the following: a Glock 23 Gen 4 40 caliber pistol bearing the serial number BDNP466, and 40 caliber ammunition seized on July 29, 2022.

4. If any of the property described above, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

_____
Foreperson

ROGER B. HANDBERG
United States Attorney

By: _____
David P. Sullivan
Assistant United States Attorney

By: _____
James C. Preston, Jr.
Assistant United States Attorney
Chief, Violent Crimes and Narcotics Section

FORM OBD-34
September 22

No. _____

# UNITED STATES DISTRICT COURT
## Middle District of Florida
### Tampa Division

THE UNITED STATES OF AMERICA

vs.

MECCOS DONTA ALLEN

INDICTMENT

Violations: 18 U.S.C. § 922(g)(1)

A true bill,

███████████████
Foreperson

Filed in open court this 14th day

of September 2022.

_____
Clerk

Bail $_____

GPO 863 525